IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPE' L. SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>COBB, et al,<br><br>      Defendants.<br>_____/ | 1:09-cv-01726-LJO-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>OBJECTIONS IF ANY DUE WITHIN THIRTY DAYS |

      Plaintiff is a federal prisoner proceeding pro se with a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by state actors.

      On October 7, 2009, the court issued an order and served the order on plaintiff.  On October 20, 2009, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

      Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since plaintiff's mail was returned and he has not notified the court of a current address.

1    In determining whether to dismiss an action for lack of prosecution, the court must
2 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
3 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
4 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
5 sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d
6 1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this
7 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case
8 has been pending [amount of time].  The court cannot hold this case in abeyance indefinitely
9 based on plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to
10 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
11 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
12 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
13 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
14 given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the
15 court apprised of his current address, no lesser sanction is feasible.

16    Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
17 plaintiff's failure to prosecute.

18    These Findings and Recommendations will be submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
20 **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file
21 written objections with the court.  The document should be captioned "Objections to Magistrate
22 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
23 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
24 Ylst, 951 F.2d 1153 (9th Cir. 1991).

25    IT IS SO ORDERED.

26    **Dated:   January 14, 2010**                            **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE
27
28