# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPPE L. SMITH, | CASE NO. 1:09-CV-01726-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO RE-OPEN ACTION OR FILE LATE APPEAL |
| v. | (DOC. 9) |
| COBB, et al., | |
| Defendants. | |

    Plaintiff Phillippe L. Smith ("Plaintiff") is a federal prisoner proceeding pro se. On March 24, 2010, the Court dismissed this action for failure to prosecute. Doc. 7. Pending before the Court is Plaintiff's motion to re-open this action or in the alternative, allow for a late filing of appeal, filed February 2, 2011. Doc. 9.

    Plaintiff filed this action with this Court on October 1, 2009. Doc. 1. Plaintiff contends that he did not discover this action had been filed in this Court until he received an order from the Eastern District of Kentucky in another action. Pl.'s Mot., Doc. 9. Plaintiff contends that he was paroled on October 2, 2009, and thus did not receive any notifications regarding this action. Plaintiff seeks as relief 1) permission to re-file this case, or 2) grant an extension of time to appeal any decision in this case.

    The Court construes Plaintiff's motion as seeking relief from a final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides, in part, "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing

1

1  party; (4) the judgment is void. . . .; (6) any other reason that justifies relief." Fed. R. Civ. P.
2  60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons
3  (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the
4  proceeding." *Id.* 60(c). The determination whether neglect is excusable requires consideration of
5  at least four equitable factors: "(1) the danger of prejudice to the opposing party; (2) the length of
6  the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)
7  whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir.
8  2009) (citations and internal quotation marks omitted).

9  　　　　Plaintiff's motion to re-file this case is denied.  The reasons for the delay provided by
10 Plaintiff are insufficient to merit relief.  Plaintiff is the litigant in this action, and is thus
11 responsible for its prosecution.  The Local Rules of this Court require Plaintiff to update the
12 Court of his address at all times.  *See* L. R. 183(b).  Plaintiff failed to do so.  This is neglect on
13 Plaintiff's part, and it is not excusable.

14 　　　　Plaintiff's motion for an extension of time to appeal the Court's judgment in this action is
15 likewise denied.  The district court may extend the time to file a notice to appeal only if a party
16 so moves no later than 30 days after the deadline to file an appeal, which in this case, was 30
17 days after March 24, 2010.  *See* Fed. R. App. P.  4(a)(1), (5).  Plaintiff's motion is clearly
18 untimely, and the Court will not re-open the time to file an appeal in this action.

19 　　　　Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed February
20 2, 2011, is DENIED.

21

22 IT IS SO ORDERED.

23 **Dated:    February 3, 2011**             /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE